```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JOSEPH R. JOHNSON, JR. | : | NO. 19-367 |

<u>MEMORANDUM</u>

Bartle, J.                                                                       July 30, 2020

        The Court has before it the "unopposed second motion to extend self-surrender date" of defendant Joseph R. Johnson, Jr. Specifically, defendant moves the court to extend his self-surrender date for a period of ninety days, from July 8, 2020 to October 6, 2020 at 2:00 p.m. The Court agreed to extend defendant's self-surrender date to August 10, 2020 but directed the Government to file a memorandum explaining why it has no objection. The Court now has before it the question of whether to extend the self-surrender date to October 6, 2020, as defendant requests.

I

        On June 17, 2019, a federal grand jury returned an indictment charging defendant with one count of making false statements and aiding and abetting in violation of 18 U.S.C. §§ 1001 and 2 and one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A and 2.

After a three-day trial, a jury found defendant guilty on both counts.

The evidence presented at trial established that defendant stole the identity of a Philadelphia based attorney, Dolores Troiani, Esquire ("Troiani"), who was counsel for Andrea Constand ("Constand"), the plaintiff in the case of Constand v. Castor, No. 15-5799 (E.D. Pa. Oct. 26, 2015), pending in this Court before Judge Eduardo C. Robreno.  He falsely signed Ms. Troiani's name on a court document titled "PRAECIPE TO ATTACH EXHIBIT "A" TO PLAINTIFF'S COMPLAINT" ("praecipe") and had it filed on the docket on February 1, 2016.

The Constand case was a defamation action in which plaintiff alleged that Bruce Castor, the former Montgomery County District Attorney, had made false statements about her as a result of her accusation of sexual assault by actor and comedian Bill Cosby.  Johnson was simply an ardent fan of Cosby and had no standing in that case.  In his false document, he stated among other things that "Constand is making a financial living filing baseless lawsuits" like the "2006 lawsuit filed [by Constand] against William Cosby."

Once Troiani discovered the false filing, she immediately informed Judge Robreno that she had neither submitted nor authorized the filing of the document in question

and had not signed it.  Judge Robreno subsequently struck the document from the record and informed the FBI of the fraud.

On February 28, 2020, this Court sentenced defendant to the maximum range permitted under the sentencing guidelines: an aggregate 32 months imprisonment to be followed by three years of supervised release.  During his sentencing hearing, while discussing the 18 U.S.C. § 3553(a) factors, the Court noted:

> what you did and what the jury found you did is of the most serious nature . . . in essence, you were undermining the justice system . . . the public has to be protected and the Court wants to deter other people from doing what you did . . . the Court cannot overlook the seriousness of the offense and you're going to have to pay for the consequences.

The Court also referenced defendant's past criminal record in creating fraudulent documents in court proceedings.

The Court ordered that defendant self-surrender before 2 p.m. on April 9, 2020.  Defendant timely filed a notice of appeal and a motion for appointment of counsel to assist with the appeal.  Subsequently, our Court of Appeals appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to represent defendant.

On March 18, 2020, defendant filed a motion for stay pending appeal pursuant to 18 U.S.C. § 3143.  The Government opposed the motion, and the Court, stating its reasons, denied

-3-

it on March 24, 2020.  See Doc. No. 109.  Shortly thereafter, on March 31, 2020 defendant filed a motion for reconsideration in which he sought to defer self-surrender because of the coronavirus and its spread to federal prisons.  The Government this time did not oppose the motion.  As a result, the Court granted the motion and extended his self-surrender date until July 8, 2020.

On June 22, 2020, defendant filed another motion to extend his self-surrender date, this time from July 8, 2020 to October 6, 2020 at 2:00 p.m., again in light of the coronavirus pandemic.  At this point, the Court put on the brakes.  The Court granted the motion in part and denied it without prejudice in part.  It moved back his self-surrender date to Monday, August 10, 2020 at 2:00 p.m. but held in abeyance the requested extension to October 6 until after the Government filed a memorandum explaining why it did not oppose this postponement and the Court had an opportunity to determine whether any further extension was warranted.

II

In sentencing the defendant to the maximum term under the advisory guidelines, the Court took into consideration that this was not defendant's first foray into preparing fraudulent documents and that he has a history of illegally interfering in the administration of justice.  In July 1996, defendant pled

guilty to one count of false statements to a financial institution, in violation of 18 U.S.C. § 1014 in the United States District Court for the Eastern District of Virginia.  See United States v. Johnson, No. 96-180 (E.D. Va. 1996).  In that matter, defendant was "attempting to fraudulently obtain a loan from a credit union using a false social security number and statement of annual income."  See United States v. Johnson, 153 F.3d 723 (4th Cir. 1998).  As a result, the Court sentenced defendant to 21 months imprisonment, followed by three years of supervised release.  He was then designated to the United States Penitentiary in Lewisburg, Pennsylvania.

   While incarcerated at Lewisburg, defendant participated in additional conduct which resulted in his indictment in August 2001, again in the Eastern District of Virginia, for mail fraud, in violation of 18 U.S.C. § 1341, and then by superseding indictment with two counts of filing a false declaration, in violation of 18 U.S.C. § 1623.  See United States v. Johnson, No. 01-248 (E.D. Va. 2001).  In February 2002, defendant was convicted in a bench trial for "forgery and uttering a public record, specifically, for forging the signature of an Arlington County Judge on two court documents." United States v. Johnson, 2001 WL 1943854, at *1 (E.D. Va.

Mar. 15, 2001), aff'd, 19 F. App'x 41 (4th Cir. 2001).  He was subsequently sentenced to 32 months imprisonment, followed by three years of supervised release.

In sum, defendant's repetitive crimes are serious and demonstrate a complete disregard for the integrity of the federal and state judicial systems.

### III

Under 18 U.S.C. § 3143(b)(1), a defendant sentenced for the crimes involved here must be detained pending appeal unless the defendant establishes by clear and convincing evidence that he or she is "not likely to flee or pose a danger to the safety of any other persons or the community."  The defendant, to be released, must also establish that the appeal is not for purposes of delay and "raises a substantial question of law or fact likely to result in (i) reversal [or] (ii) an order for a new trial."  This Court has previously determined that defendant does not pose a risk of flight or a danger to any person in the community and that his appeal is not for purposes of delay.  Nonetheless, it has held that Johnson has not raised a substantial question of law or fact likely to result in a reversal or new trial.  See Doc. No. 109.

It is the practice in this district, in a situation such defendant's, ordinarily to defer self-surrender after sentencing for between 45 days and 60 days at the request of the

Bureau of the Prisons to give it time to determine where it will house the defendant.  It also provides the defendant time to put his affairs in order before imprisonment.  Sometimes, this Court will grant a further postponement of short duration so that a defendant may spend an upcoming religious or public holiday with his or her family or may deal with a medical condition, a bereavement, or other compelling matter.  It is clearly not the practice to defer self-surrender for over seven months after sentencing as requested by the defendant here.  Such a delay appears to violate the spirit if not the letter of § 3143(b)(1).

      The defendant's sole argument for a lengthy extension is the coronavirus pandemic which exists throughout the United States and its spread to the federal prison system.  The Court is well-aware of its dangers to society in general and its effect in the federal prisons where inmates are housed in close quarters.

      Sadly, as of this date, there have been over 4,300,000 coronavirus cases in the United States and more than 150,000 individuals have died.  The Bureau of Prisons understands the gravity of the pandemic and has protocols in place to deal with and mitigate this serious health challenge.  Needless to say, those outside the prison walls face serious risks from this disease.

Our Court of Appeals in United States v. Roeder, has recently explained that:

> "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."

807 F. App'x 157, 160-61 (3d Cir. 2020). Likewise, in a somewhat different context, the Court has stated in United States v. Raia:

> "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."

954 F.3d 594, 597 (3d Cir. 2020).

The time has now arrived for defendant to self-surrender. He has committed very serious crimes. He perpetrated a fraud on this Court by filing a bogus document in the name of an attorney and a party in a civil action. In a similar vein, he had previously forged the name of a Virginia state judge on two court documents. Our system of justice depends on the honesty and truthfulness of those who testify, make representations, file documents, and sign papers in judicial proceedings. Defendant must face a just punishment and one sufficient to deter him and others from engaging in similar

misconduct.  While the Court is sensitive to the coronavirus pandemic, it is not a basis to postpone any further defendant's self-surrender.  Further delay will undermine significant penological goals and will send the wrong message.

The Government states, in not opposing defendant's pending motion, that it seeks to aid the Bureau of Prisons in limiting the prison population as it confronts the pandemic.  It further asserts that it has exercised "restraint" from seeking detention "in few cases in this district."  Whatever may be merits of the Government's assertions in other cases, we think its position here is misplaced.

Accordingly, the unopposed motion of defendant Johnson to extend his self-surrender date beyond August 10, 2020 until October 6, 2020—a date more than seven months after his sentencing—will be denied.