```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JOSEPH R. JOHNSON, JR. | : | NO. 19-367 |

### MEMORANDUM

Bartle, J.                                                    May 19, 2022

      Joseph R. Johnson, Jr. has filed a motion for a certificate of innocence pursuant to the Unjust Conviction and Imprisonment Act, 28 U.S.C. § 2513.  Our Court of Appeals reversed his convictions for making a false statement to the court in violation of 18 U.S.C. § 1001 and for aggravated identity theft under 18 U.S.C. § 1028A.  It directed entry of judgment of acquittal.  The basis for the Court of Appeals' decision was the failure of the Government to prove the materiality element for the false statement offense.  United States v. Johnson, 19 F.4th 248 (3d Cir. 2021).

I

      The evidence presented at trial, taken in the light most favorable to the Government, established the following facts.

      On or about October 26, 2015, a Philadelphia based attorney named Dolores M. Troiani filed a complaint for defamation in the United States District Court for the Eastern

District of Pennsylvania on behalf of Andrea Constand against the former Montgomery County District Attorney, Bruce Castor. See Constand v. Castor, Civil Action No. 15-5799 (E.D. Pa. Oct. 26, 2015).  The case was assigned to the Honorable Eduardo C. Robreno.

On January 3, 2016, Troiani received three emails with various attachments from the email address of devoutplayerhater@yahoo.com.  These emails threatened the release of certain personal information of Constand, who had previously accused former actor and comedian Bill Cosby of sexual assault.  Evidence presented at trial also established that an individual employing the username "Devout Player Hater" generated several internet postings voicing support for Bill Cosby and questioning the motives of Cosby's accusers.

On February 1, 2016, an unknown individual hand-delivered to the Clerk's Office in the Eastern District of Pennsylvania an envelope containing a document that read "PRAECIPE TO ATTACH EXHIBIT "A" TO PLAINTIFF'S COMPLAINT."  The praecipe appeared to be signed by Troiani.  The attachments to the praecipe mirrored the attachments to the series of January 3, 2016 emails to Troiani that were generated from the devoutplayhater@yahoo.com account.  Troiani testified at trial that she had neither submitted nor authorized the filing of the document in question and had not signed it.  She immediately

-2-

informed Judge Robreno of the fraudulent document, and he struck it from the record as a fraud.

Yahoo provided subscriber records for the "devoutplayerhater" email, which included an Internet Protocol ("IP") address used to establish the account.  Evidence was also presented of records from Verizon, the Internet Service Provider ("ISP") for the IP address.  Verizon identified devoutplayerhater's subscriber username as "jjohnson531@dslextreme.com."  Verizon revealed that during the relevant time frame, the subscriber account had been maintained by a third-party ISP, IKANO d/b/a DSL Extreme.

DSL Extreme provided records associated with its registered customer "jjohnson531," who was identified as Joe Johnson, with an alternate email address jjohnson531@gmail.com and a residential address of 2600 Brinkley Road, Fort Washington, Maryland.  Maryland Department of Motor Vehicles ("DMV") records identify Joe Johnson of 2600 Brinkley Road, # 611, Fort Washington, Maryland, with a date of birth of May 31, 1970.  The photograph on the DMV records for Joe Johnson depicts defendant Johnson.

The Government also presented records from the United States Courts' electronic document filing system, Public Access to Court Electronic Records ("PACER") for a registered user named Joseph Johnson, Jr. with a username of "jjohnson531."

Johnson admitted to FBI special agent Kurt Kuechler prior to his arrest that he had a PACER account. The "jjohnson531" account had accessed the Constand docket at issue before and after the praecipe was filed. The "devoutplayerhater" email account was deleted shortly after "jjohnson531" accessed Judge Robreno's February 2, 2016 order striking the praecipe as fraudulent.

The Government also identified another IP address used by the "jjohnson531" PACER account to access the Constand docket as belonging to Alion Science and Technology, where defendant Johnson was employed. Alion confirmed that the IP address was registered to it and connected Johnson's employee profile at Alion with the PACER access. Alion also provided Johnson's internet history, which showed that Johnson had searched for the words "Cosby" and "Constand" over 10,000 times.

The original envelope including its contents, which was received by the Clerk's Office, was sent to the Federal Bureau of Investigation ("FBI") for fingerprint analysis. The FBI's analysis revealed the presence of at least six fingerprints belonging to "Joseph Johnson Jr." on the envelope and on the adhesive side of the tape used to affix the address label to the envelope.

On June 28, 2019 Johnson was arrested by the FBI. During processing, Johnson was fingerprinted and provided his May 31, 1970 birthdate. Johnson's fingerprints matched the

fingerprints recovered from the envelope and adhesive tape recovered in this investigation.

Johnson was indicted under 18 U.S.C. § 1001 for making a false statement to the United States District Court for the Eastern District of Pennsylvania and under 18 U.S.C. § 1028A for using the identity belonging to another person in connection with making the false statement.  The Court of Appeals characterized the evidence before the Grand Jury as "piled high in hand."  Johnson, 19 F.4th at 254.

Johnson was found guilty by a jury and sentenced to thirty-two months in prison.  Thereafter, as noted above, the Court of Appeals reversed his conviction and directed the entry of a judgment of acquittal.  As a result, he was released from prison.  The Court of Appeals determined that the Government had not proven the element of materiality of the false statement as required under 18 U.S.C. § 1001.  The conviction under § 1028A for aggravated identity theft fell as the result of the failure of proof under § 1001.  The issue of lack of proof of materiality was first raised on appeal.  The Court of Appeals held that waiver was not applicable since plain error had occurred.  Id. at 263.

II

Under 28 U.S.C. § 1495, a person "unjustly convicted of an offense against the United States and imprisoned" may file

a claim for damages in the Court of Federal Claims. Nonetheless, said person must first obtain a certificate of innocence. To do so, that person must prove under 28 U.S.C. § 2513 that: (1) "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted"; (2) "[h]e did not commit any of the acts charged or his acts . . . in connection with such charge constituted no offense against the United States"; and (3) "he did not by misconduct or neglect cause or bring about his own prosecution."[1]

        The Government, in opposing Johnson's motion for a certificate of innocence, argues that Johnson cannot establish that his own misconduct did not cause or did not bring about his own prosecution.

        The persuasive case law provides that the misconduct to which the statute refers includes and is not separate from the conduct charged. Thus if the underlying conduct of the defendant, although ultimately insufficient to convict, caused or brought about his prosecution, he is not entitled to a certificate of innocence. United States v. Graham, 608 F.3d 164, 175 (4th Cir. 2010); United States v. Valle, 467 F. Supp. 3d

---

1. The statute contains other provisions which are not relevant here.

194, 204-05 (S.D.N.Y. 2020).  Contra Betts v. United States, 10 F.3d 1278 (7th Cir. 1993).

There is no doubt that the Government proved that Johnson committed all the elements necessary for conviction under 28 U.S.C. § 1001 except for materiality.  It was clearly his misconduct in the filing of a false document on the docket of this court which caused or brought about his prosecution.  The reversal of his conviction does not alter this fact.  As the Court of Appeals aptly stated in the conclusion of its opinion:

> Johnson's conduct was not just a waste of public time and resources. It disrupted the administration of justice, interfered with the orderly work of the federal courts, and flouted the respect due to judges and attorneys sworn to uphold the law. Much more than a warning about our internet-addicted culture, Johnson's actions are a reminder that respect for the rules that support the law is inseparable from the rule of law itself.

Johnson, F.4th at 263.

Johnson has come forward with no proof that his misconduct did not cause or bring about his prosecution.  As a result, it is not necessary to be concerned about the other requirements of § 2513.  The motion of Joseph J. Johnson, Jr. for certificate of innocence will be denied.