IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
        v.                      :
                                :
JOSEPH R. JOHNSON, JR.          :       NO. 19-367


                              MEMORANDUM

Bartle, J.                                          October 19, 2023

      Joseph R. Johnson, Jr., proceeding pro se, moves to redact his entire date of birth and his home address from Documents #14, #22, #23, #24, #40, #41, #45, #66, #67, #75 and #144. He relies on Rule 49.1 of the Federal Rules of Criminal Procedure, Local Criminal Rule 53.2, and the E-Government Act of 2002.[1]

      On June 27, 2019, Johnson was indicted for making false statements and aiding and abetting in violation of 18 U.S.C. §§ 1001 and 2 and for identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A and 2. The gravamen of the charges was that he had filed fraudulent documents in an

---

1. The E-Government Act of 2002 provides that the Supreme Court shall prescribe rules "to the extent practicable for uniform treatment of privacy and security issues throughout the Federal Courts . . . [and to] take into consideration best practices in Federal and State Courts to protect private information or otherwise maintain necessary information security." Pub. L. No. 107-347, § 205(c)(3)(A)(ii) & (iii), 116 Stat. 2899, 2913-15 (2002). Rule 49.1 of the Federal Rules of Criminal Procedure and Local Criminal Rule 53.2 were promulgated in compliance with the Act.

action before this court.  He was convicted by a jury and sentenced to 32 months in prison.  The Court of Appeals thereafter reversed his conviction and ordered entry of a judgment of acquittal.  United States v. Johnson, 19 F.4th 248 (3d Cir. 2021).  The Court concluded that the Government's evidence was insufficient to establish that Johnson's false filings met the test of materiality.

>   Nonetheless, the Court stated:

> Let there be no doubt on two points. First, Johnson's conduct was not just a waste of public time and resources. It disrupted the administration of justice, interfered with the orderly work of the federal courts, and flouted the respect due to judges and attorneys sworn to uphold the law. Much more than a warning about our internet-addicted culture, Johnson's actions are a reminder that respect for the rules that support the law is inseparable from the rule of law itself.

Id. at 263.

Unlike most cases, a major issue before this court was the identity of the perpetrator of the fraud.  The investigation required tracing and locating defendant's e-mail addresses and his home address.  His date of birth also became relevant.  This information necessarily made its way into various papers filed on the docket in this court and the Court of Appeals.

Johnson at all times was represented by counsel.  At no time during the course of the litigation did Johnson or his counsel request redaction pursuant to Rule 49.1(a)(1) of the

Federal Rules of Criminal Procedure or Local Criminal Rule 53.2. The local rule states, "[t]he responsibility for redacting these personal identifiers [such as date of birth and home address] rests solely with counsel and the parties."  L. C. R. 53.2

Rule 49.1(a)(2) of the Federal Rules of Criminal Procedure, which provides for redaction of certain identifiers, allows a filing to include "the year of an individual's birth." Rule 49.1(h) further states that "a person waives the protection of Rule 49.1(a) as to a person's own information by filing it without redaction and not under seal."

Significantly, Rule 49(b)(4) requires that an unrepresented party filing a paper state the signer's "address, e-mail address, and telephone number."  Johnson signed and filed his motion to redact.  Thus, Johnson's motion, insofar as it seeks to redact his home address from the papers previously filed, would achieve nothing because he is now required to have his home address of record.

The court turns to the issue of Johnson's date of birth.  As noted above, the year of his birth is not subject to redaction.  See Fed. R. Crim. P. 49.1(a).  The day and month of his birth appear not only in the Government's filings but also in several of this court's opinions as that information was relevant to the crucial issue of his identity.  Neither Johnson nor his counsel during the course of this action ever raised any

-3-

-4-

issue about Rule 49.1 or this disclosure.  Nonetheless, in the interest of his privacy and security, the court will direct the Clerk to redact the month and the day <u>but not the year</u> of his birth from Documents #14, #22, #24, #45, #66, #75, and #144. <u>See</u> Fed. R. Crim. P. 49.1(a).

     Accordingly, the motion of Johnson to redact will be granted in part and denied in part.